DAVIS BROADCASTING INC.,
of Columbus Appellant,

v.

FEDERAL COMMUNICATIONS
COMMISSION, Appellee.

Clear Channel Broadcasting Licenses,
Inc., et al., Intervenors.

No. 02–1109.

United States Court of Appeals,
District of Columbia Circuit.

May 16, 2003.

Before: EDWARDS, SENTELLE, and
GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on appeal from an order of the Federal Communications Commission and was briefed by counsel. It is

ORDERED AND ADJUDGED that the order of the Federal Communications Commission ("FCC" or "Commission") is hereby affirmed.

Appellant Davis Broadcasting, Inc. ("Davis") challenges an FCC decision approving assignments of six broadcast radio licenses in or near Columbus, Georgia, from Cumulus Licensing Corp. ("Cumulus") to Clear Channel Broadcasting Licenses, Inc. ("Clear Channel"). *See In re Solar Broadcasting Co., Inc.*, 17 F.C.C.R. 5467, 2002 WL 424319 (2002) (*"Solar Decision"*). Davis claims that the FCC arbitrarily and capriciously failed to designate an evidentiary hearing pursuant to 47 U.S.C. § 309(d)(2), (e) to consider "substantial and material question[s] of fact" before approving the applications to assign. In particular, Davis argues that the Commission ignored "serious questions about the applicants' qualifications based on conduct and transactions involving Davis' radio market" that appellant raised in a petition to deny. *See* Appellant's Br. at 31. We disagree.

Most of the alleged misdeeds concern licenses, stations, and even parties different from those immediately involved in the appealed assignment determination. The one exception is Davis' contention that the pre-assignment Local Marketing Agreement between Cumulus and Clear Channel was an indirect and unauthorized transfer of control in violation of 47 U.S.C. § 310(d). *See* Appellant's Br. at 48 n. 4. As the FCC correctly notes, however, Davis' opening brief offers only a perfunctory argument on this issue in a footnote, and we should therefore consider the argument waived. *See Railway Labor Ass'n v. United States R.R. Ret. Bd.*, 749 F.2d 856, 859 n. 6 (D.C.Cir.1984). In any event, the FCC's disposition of this claim is adequately explained and fully justified.

The FCC reasonably found that Davis' allegations of Solar's and Cumulus' misconduct with regard to the Cusseta construction permit applications did not raise any substantial questions of fitness that would affect this assignment to Clear Channel. *Solar Decision*, 17 F.C.C.R. at 5490–91 ¶ 81. Furthermore, the FCC permissibly elected to address any other aspects of those allegations in different proceedings that are not before us here. *See id.* at 5492 ¶ 83; *see also* 47 U.S.C. § 154(j). Likewise, the FCC reasonably concluded that Davis' allegations regarding misrepresentation and lack of candor by Solar and Cumulus in different transactions presented no substantial and material question of fact requiring an evidentiary hearing under 47 U.S.C. § 309. *See Solar Decision*, 17 F.C.C.R. at 5491–92 ¶ 82.

In sum, we find that Davis presented no "substantial and material question" requiring the Commission to conduct an evidentiary hearing on the issues raised in the petition. Accordingly, we affirm the Commission's decision and deny the appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.